

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2007

# In Re: Gary Fox

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Gary Fox " (2007). *2007 Decisions.* Paper 190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-4075

—————

IN RE: GARY J. FOX

        Appellant

GARY J. FOX

v.

LAURA A. FOX

—————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 05-cv-02391)
District Judge:  Hon. James M. Munley

—————

Argued on September 27, 2007


Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed :  November 27, 2007)


John J. Martin, Esquire
1022 Court Street
Honesdale, PA  18431

        Counsel for Appellant


Marshall E. Anders, Esquire

Nicholas J. Masington, III, Esquire
Anders & Masington, LLC
18 North Eighth Street
Stroudsburg, PA  18360

Counsel for Appellee

O P I N I O N

**ROTH,** <u>Circuit Judge</u>:

This is an appeal from the order of the United States District Court for the Middle District of Pennsylvania, denying the appeal of Gary Fox (Husband) from the Order of the United States Bankruptcy Court for the Middle District of Pennsylvania, entering judgement in favor of Laura A. Fox (Wife) on Husband's complaint for intentional and willful violation of the discharge provision of 11 U.S.C. § 524.  For the reasons stated below, we will affirm the order of the District Court.

## I.  **BACKGROUND**

As the facts are well known to the parties, we give only a brief description of the relevant issues and procedural posture of the case.

Husband filed for relief under Chapter 7 of the United States Bankruptcy Code on January 6, 2003.  When the bankruptcy petition was filed, a divorce petition was pending in the Court of Common Pleas.  As a part of the divorce proceeding, Wife had moved for equitable distribution of the marital property.  However, a hearing had not yet been held by

2

the state court on the distribution motion. On April 28, 2003, Wife filed a motion for relief from the automatic stay in bankruptcy in order to allow the divorce action to proceed. On June 2, 2003, Husband and Wife entered into a stipulation to enable Wife to proceed to litigate the divorce case. The stipulation was made an order of the District Court on June 3, 2003.

On June 27, 2003, Husband received his discharge from bankruptcy under 11 U.S.C. § 727, discharging him from all debts that arose before the bankruptcy. After this discharge, Wife continued to assert a claim against Husband in the divorce proceeding for equitable distribution of the marital property. On August 5, 2004, Husband filed a complaint for intentional and willful violation of the section 524 discharge provision due to Wife's continued efforts to obtain equitable distribution. On October 13, 2005, the Bankruptcy Court concluded that Wife did not violate the discharge injunction by continuing to pursue equitable distribution in the state court. Husband appealed. The District Court denied the appeal on the basis that Wife did not violate the discharge provision of 11 U.S.C. § 524 by continuing to seek equitable distribution of the marital estate. Husband again appealed.

## II. **JURISDICTION & STANDARD OF REVIEW**

The District Court had jurisdiction over the bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 1291.

Bankruptcy Rule 8013 controls our standard of review, and provides that "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court, to judge

3

the credibility of the witnesses." *Landon v. Hunt*, 877 F.2d 829 (3d Cir. 1992) (citations omitted). Our standard of review is plenary over any conclusions of law by the bankruptcy or district courts. *Id.*

## III. **DISCUSSION**

There is a split of authority within this Circuit's bankruptcy courts on the issue of dischargeability in bankruptcy of claims for equitable distribution of marital property. *Compare In re Schorr*, 299 B.R. 97 (Bankr. W.D. Pa. 2003) (holding wife's claim for equitable distribution was a "debt" discharged in bankruptcy); *with In re Scholl*, 234 B.R. 636 (Bankr. E.D. Pa. 1999) (holding request for equitable distribution pending at time of bankruptcy is not a "debt" dischargeable under the Bankruptcy Code). We decline, however, to resolve this conflict in the instant appeal because we find that the stipulation entered into by the parties during the bankruptcy proceedings controls the outcome.[1] The stipulation expressly and specifically gave the parties the right to proceed with the divorce action pending before the state court, of which the Wife's claim for equitable distribution was a part. The stipulation placed no limitation or restriction upon Wife's right to pursue any part of the divorce action. We, therefore, conclude that her pursuit of her equitable distribution claim is covered by the stipulation. Because the parties stipulated to Wife's ability to pursue

---

[1]The enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8, 119 Stat. 54) has resolved this issue for future cases. BAPCPA amended, *inter alia,* section 523(a) of the Bankruptcy Code to make non-dischargeable any debt "to a spouse . . . [or] former spouse . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . ..

the divorce action – of which the claim for equitable distribution was a part – that claim was not discharged in bankruptcy. As a consequence, Wife did not violate the discharge provision in pursuing that claim.

## IV. CONCLUSION

For the above reasons, we will **affirm** the District Court's order.